IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CASE-MATE, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LUMEE, LLC | ) | Civil Action No. __________ |
| | ) | |
| *Defendant.* | ) | **JURY TRIAL DEMANDED** |
| ___________________________________ | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, Case-Mate, Inc., and for its Complaint against the Defendant LuMee, LLC hereby alleges and avers as follows:

### THE PARTIES

1. The Plaintiff, Case-Mate, Inc. ("Case-Mate") is a Georgia corporation with a principal place of business 7000 Central Parkway, Suite 1050, Atlanta, GA 30328.

2. Upon information and belief, Defendant, LuMee, LLC ("LuMee"), is a limited liability corporation organized under the laws of Delaware, and has an office at 1776 Park Avenue, Park City, Utah 84060.

## JURISDICTION AND VENUE

3. This is a declaratory judgment action stemming from allegations of patent infringement. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, in that it involves claims arising under the laws of the United States and specifically involves 28 U.S.C. §2201 (Declaratory Judgment Act) and 35 U.S.C. §1 *et seq*. (Patent Act). This Court also has jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).

4. Upon information and belief, this Court has personal jurisdiction over Defendant LuMee by virtue of LuMee's transaction of business, solicitation of business, website, offers for sale, and direction of patent infringement allegations into and/or within the State of Georgia, within this judicial district and elsewhere.

5. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §1391(b)(2), §1391(c)(2), and/or 28 U.S.C. §1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, Defendant LuMee is subject to personal jurisdiction in this district, and the allegations of infringement were directed within this judicial district.

6. An actual case or controversy has arisen between the parties. Defendant LuMee has asserted that patents that LuMee allegedly owns cover certain

products of Case-Mate (illuminated cell phone cases) and has threatened litigation over Case-Mate's illuminated cell phone cases.

FACTUAL ALLEGATIONS

7. Case-Mate is one of the leaders in the smartphone accessory market and a leader in fashionable and stylish cell phone and smart watch accessories. For more than ten years, Case-Mate has built its CASE-MATE brand by providing consumers with premium, stylish products. Case-Mate's products are sold in leading retailers in the U.S. and electronic stores around the world.

8. Defendant LuMee is a consumer electronics accessories and lighting company that was established in 2014.

9. On July 21, 2015, United States Patent No. 9,086,610 (the "'610 Patent") for "Illumination Device" was issued by the USPTO. A copy of the '610 Patent is attached hereto as **Exhibit A**.

10. On October 11, 2016, United States Patent No. 9,464,796 (the "'796 Patent") for "Illumination Device" was issued by the United States Patent and Trademark Office ("USPTO"), and was a continuation-in-part of the ‘610 Patent. A copy of the '796 Patent is attached hereto as **Exhibit B**.

11. Upon information and belief, the ‘610 Patent and the ‘796 Patent are owned by Defendant LuMee.

12. On April 20, 2016, LuMee filed another United States patent application, serial number 15/134,123, which was a continuation-in-part and claimed priority to the ‘796 Patent. The ‘123 Patent Application will issue as United States Patent No. 9,593,842 by the USPTO on March 20, 2017. A copy of the “Issue Notification” from that patent application is attached hereto as **Exhibit C** (and showing the date the patent will issue and its patent number).

13. Upon information and belief, the ‘123 Patent Application is owned by Defendant LuMee, as will be the soon-to-issue '842 Patent.

14. At the recent Consumer Electronics Show in Las Vegas, Nevada in January of 2017, Case-Mate introduced its latest product offering, a new case designated as the Allure Selfie Case by Case-Mate (“the Selfie Case”). Images of the Selfie Case are attached hereto as **Exhibit D**.

15. In addition to showing the Selfie Case at the 2017 Consumer Electronics Show, Case-Mate has begun manufacturing the same, and has initiated a product launch to sell such products in quantity in the United States.

16. Apparently, LuMee has noticed the Case-Mate product launch of the Selfie Case products at the 2017 Consumer Electronics Show, and has objected to such marketing of the Case-Mate products. In particular, on January 10, 2017, LuMee's counsel sent a letter to Case-Mate asserting its patents against Case-Mate and threatening enforcement litigation. A copy of the patent assertion letter is attached hereto as **Exhibit E**.

17. In the letter, LuMee's counsel informed Case-Mate of the '796 Patent and the '610 Patent, warned Case-Mate against infringing the '796 Patent and the '610 Patent, and further provided Case-Mate with a copy of both the '796 Patent and the '610 Patent.

18. Thus, Defendant LuMee has asserted the subject patents against Plaintiff Case-Mate, threatening infringement litigation over the '796 Patent and the '610 Patent.

19. Upon information and belief, it would appear that when the '842 Patent issues, Defendant LuMee will also assert the '842 Patent against Plaintiff Case-Mate as well.

20. LuMee has already sued other companies for patent infringement over the '796 Patent and/or the '610 Patent. See, *LuMee, LLC v. Snap Light, LLC*, 1:16-cv-01029-GMS, United States District Court of Delaware; and *LuMee*,

*LLC v. Ty-Lite, LLC*, 1:16-cv-01030-GMS, United States District Court of Delaware; and *LuMee, LLC v. Slip To Grip, LLC*, 1:16-cv-01028-GMS, United States District Court of Delaware. Copies of the first pages of the Complaints in those other cases are attached hereto as **Exhibits F**, **G, and H**.

21. Defendant is a direct business competitor of Plaintiff.

22. As a result of Defendant LuMee's letter threatening litigation, LuMee's established pattern of litigating over these patents, and Case-Mate's launch of the accused product and offering such for sale, an actual, present, and justiciable controversy has arisen between Defendant LuMee and Plaintiff Case-Mate regarding Case-Mate's sale and offering of its Selfie Case products.

<u>COUNT NO. 1</u>
(Declaration of Non-Infringement 28 U.S.C. §2201 *et seq.*)
(Non-Infringement of '610 Patent)

23. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

24. Defendant LuMee has asserted the '610 Patent against Plaintiff Case-Mate's manufacture, sale, use and/or offers to sell of its Selfie Case products.

25. Defendant LuMee has threatened to bring a patent infringement lawsuit against Plaintiff Case-Mate over the Selfie Case.

26. Plaintiff Case-Mate is not infringing, and has not infringed, directly or indirectly, either literally or under the judicially-created Doctrine of Equivalents, any valid or enforceable claim of the ‘610 Patent.

27. Plaintiff Case-Mate does not infringe the ‘610 Patent because one or more features of each claim of the ‘610 Patent is/are not found in the Selfie Case products. For example, Claim 1 requires “a plurality of light covers with at least one of the light covers being capable of covering or uncovering each of the plurality of light sources” and such is not found in the Selfie Case products.

28. Accordingly, an actual, present, and justiciable controversy has arisen between Defendant and Plaintiff Case-Mate regarding the Selfie Case.

29. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Plaintiff Case-Mate requests that this Court declare that Case-Mate does not infringe and has not infringed any valid and/or enforceable claim of the ‘610 Patent.

<u>COUNT NO. 2</u>
(Declaration of Non-Infringement 28 U.S.C. §2201 *et seq.*)
(Non-Infringement of '796 Patent)

30. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

31. Defendant LuMee has asserted the '796 Patent against Plaintiff Case-Mate's manufacture, sale, use and/or offers to sell of its the Selfie Case.

32. Defendant LuMee has threatened to bring a patent infringement lawsuit against Plaintiff Case-Mate over The Selfie Case.

33. Plaintiff Case-Mate is not infringing, and has not infringed, directly or indirectly, either literally or under the judicially-created Doctrine of Equivalents, any valid or enforceable claim of the '796 Patent.

34. Plaintiff Case-Mate does not infringe the '796 Patent because one or more features of each claim of the '610 Patent is/are not found in the Case-Mate the Selfie Case products. For example, Claim 1 requires that the "at least one light cover modifies an appearance of light produced by the at least one light source" and such is not found in the Selfie Case products.

35. Accordingly, an actual, present, and justiciable controversy has arisen between Defendant and Plaintiff Case-Mate regarding the Selfie Case.

36. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Plaintiff Case-Mate requests that this Court declare that Case-Mate does not infringe and has not infringed any valid and/or enforceable claim of the '796 Patent.

COUNT NO. 3
(Patent Invalidity 35 U.S.C. §§101, 102, 103, and/or 112)
(Invalidity of the '610 Patent)

37. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

38. One or more claims of the '610 Patent are invalid for failure to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§101, 102, 103, and/or 112.

39. As a result, an actual, present, and justiciable controversy has arisen between Defendant and Plaintiff regarding the invalidity of the '610 Patent.

40. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Plaintiff requests that this Court declare that the claims of the '610 Patent are invalid.

## COUNT NO. 4
(Patent Invalidity 35 U.S.C. §§101, 102, 103, and/or 112)
(Invalidity of the ‘796 Patent)

41. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

42. One or more claims of the ‘796 Patent are invalid for failure to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§101, 102, 103, and/or 112.

43. As a result, an actual, present, and justiciable controversy has arisen between Defendant and Plaintiff regarding the invalidity of the ‘796 Patent.

44. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Plaintiff requests that this Court declare that the claims of the ‘796 Patent are invalid.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, the Plaintiff Case-Mate prays that this Court enter an Order in favor of Plaintiff Case-Mate and against Defendant LuMee as follows:

A) Declaratory Judgment that Plaintiff Case-Mate does not infringe and has not infringed any claim of the ‘610 Patent;

B) Declaratory Judgment that Plaintiff Case-Mate does not infringe and has not infringed any claim of the ‘796 Patent;

C) Declaratory Judgment that the '610 Patent is invalid, void, and/or unenforceable;

D) Declaratory Judgment that the '796 Patent is invalid, void, and/or unenforceable;

E) Award Plaintiff Case-Mate its costs and attorneys' fees under 15 U.S.C. §1117 and 35 U.S.C. §285;

F) Awarding Plaintiff Case-Mate such other and further relief as the Court shall deem just and equitable under the circumstances.

JURY DEMAND

WHEREFORE, Plaintiff Case-Mate requests a trial by jury on all issues so triable.

Respectfully submitted this 13th day of March, 2017.

*/s/ Arthur A. Gardner*
Arthur A. Gardner, GA Bar No. 283,995
Email: agardner@gardnergroff.com;
litigation@gardnergroff.com
GARDNER GROFF GREENWALD & VILLANUEVA, PC
2018 Powers Ferry Road, Suite 800
Atlanta, Georgia 30339
Tel: (770) 984-2300
Fax: (770) 984-0098

***Attorney for the Plaintiff Case-Mate, Inc.***

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing and the attached documents comply with LR 5.1, NDGa. The font and point size used in preparing the foregoing document are Times New Roman, 14 pt.

*/s/ Arthur A. Gardner*
**Arthur A. Gardner**
Attorney for Plaintiff